HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WALTER PELETT,<br><br>                  Plaintiff,<br><br>       v.<br><br>CHASE MORTGAGE,<br><br>                  Defendant. | CASE NO. C13-5193 RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>[DKT. #9] |

THIS MATTER is before the Court on Defendant Chase Mortgage's Motion to Dismiss [Dkt. #9]. The case is one of many involving an in-default debtor Plaintiff facing foreclosure and suing his lender for various claimed irregularities in the loan process. Unlike some of these cases, Plaintiff relies solely on his claim that Chase has failed to show him his original promissory note, and the only relief he seeks is an Order enjoining the trustee's sale of his property.

Plaintiff has not responded to the Motion. Under Local Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

The Court has reviewed Plaintiff's Complaint and Defendants' Motion.  Courts in this district have routinely rejected "show-me-the-note" claims.  *See, e.g.*, *Mikhay v. Bank of Am., NA.,* 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010).  Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the trustee, not to the borrower.  RCW 61.24.030(7).

Accordingly, Plaintiff's show me the note claim fails to state a claim and Defendant's Motion to Dismiss it is GRANTED and the claim is DISMISSED with prejudice.

Plaintiff's claim for injunctive relief is moot—the property has already been foreclosed and sold at the trustee's sale.  That claim too is DISMISSED with prejudice.  Because all claims have been dismissed, the Clerk shall enter judgment in Defendant's favor and terminate the case.

IT IS SO ORDERED.

Dated this 21st day of May, 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE